IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TEOFALO AMEY,

    Plaintiff,

v.    Civil Action No. 3:14-CV-778

JAMES WICKER TRAYLOR,

    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the *pro se* plaintiff's complaint and Motion to Proceed *In Forma Pauperis*. (Dk. No. 1.) Upon due consideration, the Court finds the plaintiff, Teofalo Amey, unable to pay the costs of proceeding in the instant case. The Court will therefore grant his motion to proceed *in forma pauperis*.

For the reasons stated below, however, the Court will dismiss Amey's complaint. The Court finds the factual allegations in the complaint insufficient to state a plausible claim for relief. The Court accordingly dismisses the complaint without prejudice.

## I. BACKGROUND

This case arises out of Amey's 2012 state criminal prosecution on unspecified charges in Virginia. (Compl. ¶ 6.) The defendant, James Wicker Traylor, was appointed as Amey's counsel on September 19, 2012. (*Id.* ¶ 5.) According to Amey, Traylor came to see him for the first time on November 18, 2012, the day before Amey's jury trial was set to begin. (*Id.* ¶¶ 7, 18.) At that time, Traylor advised Amey to plead guilty to the charges, but Amey rejected the suggestion. (*Id.* ¶¶ 8-9.) Instead, Amey informed Traylor of several sources of evidence that

Amey believed would exonerate him. (*Id.* ¶ 12.) After Traylor resisted Amey's suggested evidence and again made a push for Amey to plead guilty, Amey ended the meeting. (*Id.* ¶ 15.)

The next day, before Amey's jury trial began, Amey alleges that Traylor initially told the court that he had been unable to meet with Amey because Amey refused to see him numerous times in the weeks leading up to the trial. (*Id.* ¶ 17.) But after Amey told sheriff's deputies otherwise, the truth came out and Traylor admitted he had met with Amey for the first time the day before, claiming he believed it was Amey's responsibility to be in touch with him, not vice-versa. (*Id.* ¶¶ 22-23.) Despite this, however, Traylor was prepared to move forward with the trial that day, and the court appeared poised to allow it. (*Id.* ¶ 24.) Rather than move forward with Traylor as his counsel, however, Amey decided to plead guilty. (*Id.* ¶ 25.)

Amey now brings this action against Traylor under 42 U.S.C. § 1983, alleging a violation of his rights under the United States Constitution. (*Id.* ¶¶ 27-29.)

## II. DISCUSSION

### A. Legal Standard

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While courts should liberally construe *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The court need not "attempt to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has stated that "though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide

issues never fairly presented to them." *Beaudett*, 775 F.2d 1274, 1276. In other words, "[d]istrict judges are not mind readers." *Id.* at 1278. Additionally, 28 U.S.C. § 1915(e)(2)(B), provides that a court "shall dismiss" an action filed *in forma pauperis* "at any time if the court determines" that the action "fails to state a claim on which relief may be granted."

### B. Amey Fails to State a Claim under § 1983

Amey's complaint does not meet the required pleading standard, because he cannot satisfy the elements required of a proper claim under 42 U.S.C. § 1983. Specifically, to state a claim under § 1983, a plaintiff must show: (1) that he "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under the color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Amey has not stated sufficient facts to support the first element and cannot meet the second element because Traylor was not acting under color of state law.

First, Amey has not made clear which of his constitutional rights Traylor violated. His complaint simply states that Traylor's "lack of concern, preparation, and professionalism violated [Amey's] rights under the United States Constitution." (Compl. ¶ 28.) Amey does not cite any provision or section of the Constitution. Such lack of specificity fails to meet the first element of a § 1983 claim.

Second, even if the Court were to liberally construe Amey's complaint and identify a specific constitutional right, Amey fails to meet the second element of a § 1983 claim because neither court-appointed counsel nor privately retained criminal defense counsel act under the color of state law. *See Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (holding court-appointed attorneys do not act under color of state law for purposes of § 1983 liability); *Deas v.*

*Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (holding privately retained attorneys hired to represent criminal defendants do not act under color of state law). As court-appointed criminal defense counsel, Traylor did not act under color of state law and therefore cannot be held liable under 42 U.S.C. § 1983. Accordingly, the Court must dismiss Amey's complaint for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

For the reasons set forth above, while the Court GRANTS the *pro se* plaintiff's Motion to Proceed *In Forma Pauperis*, the Court DISMISSES WITHOUT PREJUDICE the plaintiff's COMPLAINT.

Should the plaintiff wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

It is so ORDERED.

Let the Clerk mail a copy via U.S. Mail to the *pro se* plaintiff.

Date: November 19, 2014
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge